Filed 12/22/25  P. v. Kiel CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br>NINA LACY KIEL,<br><br>        Defendant and Appellant. | A172737<br><br>(San Mateo County<br>Super. Ct. No. 23-SF-016254-A) |

Defendant Nina Lacy Kiel appeals from the trial court's judgment executing a county jail sentence following a contested probation violation hearing.  Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), Kiel's counsel filed a brief requesting this court independently review the record and determine whether arguable issues exist on appeal.  Finding none, we affirm.

## I.  BACKGROUND

In October 2023, Kiel was charged by felony complaint with one count of bringing contraband into a jail (Pen. Code,[1] § 4573, subd. (a)).  In July 2024, Kiel pled no contest to the charge in exchange for a two year "lid" and referral to drug court.  The agreed upon county jail sentence would be "straight time," with no "split" pursuant to section 1170, subdivision (h).  In

---

[1] Undesignated statutory references are to the Penal Code.

1

December 2024, the trial court imposed the low term sentence of two years in county jail, with execution of sentence suspended. The court placed Kiel on two years formal probation subject to various terms and conditions, including that she participate in the Pathways treatment program, obey all laws, abstain from the possession and use of alcohol and controlled substances, submit to alcohol and drug testing, and submit her person, residence, and any area under her control to search. The court awarded 70 days actual credits and 70 days conduct credits for a total of 140 days. The court imposed and stayed a $300 restitution fine and a $300 probation revocation fine. It advised Kiel that if she violated her probation, she would "not get another chance to continue on probation" and would "not get another chance at Pathways. Probation will terminate, and the balance of the two-year term in custody will be imposed."

Only days later, the probation department filed an affidavit of probation violation alleging that Kiel violated the terms of her probation by failing to obey all laws in that she violated section 459.5 (shoplifting) and Health and Safety Code sections 11377, subdivision (a) (possession of a controlled substance) and 11364 (possession of a drug pipe). Kiel denied the allegations. The trial court revoked probation and set a hearing.

In January 2025, the trial court conducted a contested probation violation hearing. Belmont police officer Adam Baggetta testified to the following: On December 7, 2024, he responded to a report of a theft at a Safeway involving two suspects, a male and a female. The male suspect had been detained and the female suspect was described as wearing a purple jacket and black leggings and riding a bike. Kiel, matching the description, was then detained one block from the store. Paperwork in Kiel's name was found in a bike near where she was located. While Kiel was not wearing a

2

purple jacket at the time, Officer Baggetta found a purple jacket stuffed into the bushes 10 to 15 feet from the bike. When Officer Baggetta picked up the jacket, he heard glass clinking and saw the top of a clear blue cylinder sticking out of a pouch in the pocket. He identified it as a pipe used to ingest methamphetamine. Two plastic baggies of methamphetamine were also found in the pouch. The product was sent to the forensic lab which generated a report regarding the methamphetamine, showing the weight as 44.116 grams, which was a usable amount. In the jacket, there was no wallet, identification, or credit card in Kiel's name.

The parties stipulated that Kiel had been advised of her *Miranda*[2] rights the evening of the theft. Kiel told the police she went into the store with the male suspect and admitted helping him put food in his backpack, which they did not pay for. Kiel denied ownership of the jacket in which the pipe and drugs were found, but when an officer indicated she should put it on because it was cold out, she did so without objecting that it was not hers. The jacket appeared to fit her. When she was advised she was under arrest, Kiel said she would tell the officers who she got the "shit" from. Officer Baggetta further testified that another officer observed Kiel riding a bike away from Safeway in a purple jacket when they arrived on scene. The defense did not present evidence at the hearing.

Following the presentation of evidence, the prosecutor submitted that there was insufficient evidence as to the petty theft allegation, and the trial court agreed. As to the two other allegations, defense counsel argued the People did not present sufficient evidence to demonstrate that the jacket was Kiel's jacket, that she was aware of any of the property in the jacket, or that she had custody or control over the items in it.

---

[2] *Miranda v. Arizona* (1966) 384 U.S. 436.

3

The trial court found sufficient evidence that Kiel violated her probation, finding "evidence establishing a nexus between the property located and Ms. Kiel's possession, custody, and control over those, the paraphernalia and the pipe." Before proceeding to sentencing, the court and counsel reviewed a 19-page letter from Kiel.[3] It appeared to the court that Kiel wrote the letter before she had been sentenced, because what she requested in the letter—participation in the Pathways program—is what the court had previously provided. The court explained that she had "squandered that" opportunity. Defense counsel requested a further opportunity for Kiel to engage with the Pathways program, which the court denied, explaining that Kiel had squandered every opportunity since the case was filed. The court had granted bail before there was a disposition, when Kiel represented she wanted to pursue treatment, at which she did not succeed. During the assessment period for the Pathways program, the court had been informed Kiel had burned bridges at every residential treatment program in the county. She continued to use drugs and failed to follow conditions imposed on her. She had been "given every opportunity" and knew that a violation would result in termination of her probation.

The trial court terminated probation and executed the two-year county jail sentence. Given Kiel's poor performance on supervision, the court declined to impose a split sentence. In addition to the 140 days credits previously awarded, the court awarded 48 days actual credits for Kiel's time in custody following her probation violation plus 48 days conduct credits, for a total of 236 days. The previously assessed $300 probation revocation fine became due, while the $300 restitution fine remained stayed.

---

[3] The letter was not filed with the trial court and is not part of the record on appeal. Kiel's appellate counsel reviewed a copy of the letter.

## II. DISCUSSION

Kiel appealed from the trial court's January 24, 2025 judgment. We appointed appellate counsel, who filed a *Wende* brief raising no issues and requesting that we independently review the record. (*Wende*, *supra*, 25 Cal.3d 436.) Appellate counsel advised Kiel of the opportunity to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and Kiel has not filed a supplemental brief. Having reviewed the record, we conclude there are no arguable issues on appeal.

## III.   DISPOSITION

The judgment is affirmed.

_____
LANGHORNE WILSON, J.

WE CONCUR:


_____
HUMES, P. J.


_____
SMILEY, J.


*People v. Kiel* / A172737

6